UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

          Plaintiff,

v.

Steve Anthony Shand,

          Defendant.

Case No. 22-cr-40 (JRT/LIB)

**ORDER**

This matter comes before the undersigned United States Magistrate Judge, pursuant to a general assignment made in accordance with 28 U.S.C. § 636, upon the parties' various pretrial Motions. Pursuant to a request from the parties, the Court took the parties' Motions under advisement on the written submission of the parties.

The Court addresses the parties' Motions as follows.

## I.    Government's Motion for Discovery. [Docket No. 15].

The Government seeks discovery pursuant to Rules 16(b), 12.1, 12.2, 12.3, and 26.2 of the Federal Rules of Criminal Procedure, as well as, Rules 702, 703, and 705 of the Federal Rules of Evidence. (See Gov't's Mot. for Discovery [Docket No. 15]).

### A.  Inspection and Copying Pursuant to Rule 16(b)

#### 1.  Documents and Tangible Objects

The Government requests that the Court order Defendant to permit inspection and copying of all books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

Defendant did not object to the request. The motion is granted, and Defendant shall disclose any such responsive materials no later than fourteen (14) days before trial.

### 2.  Reports of Examinations and Tests

The Government further requests all results and reports of physical or mental examinations and of scientific tests or experiments made in connection with the above captioned matter, or copies thereof, within the possession or control of Defendant, which Defendant intends to introduce as evidence in his case-in-chief at trial or which were prepared by a witness whom Defendant intends to call at trial.

Defendant did not object to this request. Defendant shall disclose any such responsive materials no later than fourteen (14) days before trial.

### 3.  Expert Testimony

The Government also seeks a written summary of expert testimony Defendant intends to use under Rule 702, 703, and 705 of the Federal Rules of Evidence as evidence at trial. The Government asserts that the summary must describe the opinions of the expert witnesses, the basis and reasons therefore, and the witnesses' qualifications. The Government requests that such expert disclosures for both parties be made thirty days before trial.

The Government's request for an Order directing Defendant to disclose a written summary of expert testimony Defendant intends to use as evidence at trial is, however, moot. In compliance with Federal Rule of Criminal Procedure 16(a)(1)(G), the Court previously issued an Order, [Docket No. 49], ordering the parties to disclose the identity of any case-in-chief expert witness and make all expert disclosures required by Federal Rule of Criminal Procedure 16 no later than twenty-eight (28) days before trial.[1]

---

[1] To the extent that there are any rebuttal expert disclosures to be made thereto, the parties should make such disclosures ten (10) days before trial.

Therefore, to the extent the Government's Motion for Discovery, [Docket No. 15], seeks an Order of this Court requiring Defendant to disclose a written summary of expert testimony Defendant intends to use under Rule 702, 703, and 705 of the Federal Rules of Evidence as evidence at trial, the Government's Motion for Discovery, [Docket No. 15], is denied as moot.

**B.  Notice of Alibi Defense**

Pursuant to Federal Rule of Criminal Procedure 12.1, the Government seeks an Order from the Court requiring Defendant, if he intends to claim alibi as a defense, to state the specific place or places at which Defendant claims to have been at the time of the alleged offenses in the above captioned matter and the names and addresses of the witnesses upon whom Defendant intends to rely to establish such alibi.

Defendant did not object to this request. The motion is granted, and Defendant shall give notice of same pursuant to Rule 12.1 as soon as practicable and in no event later than twenty-one (21) days before trial.

**C.  Notice of Insanity/Mental Illness Defense**

In addition, pursuant to Federal Rule of Criminal Procedure 12.2, the Government requests the Court to order Defendant, if he intends to rely upon the defense of insanity or introduce expert testimony relating to a mental disease or defect or any other mental condition of Defendant relevant to the issue of guilt, to provide the Government notice of such defense.

Defendant did not object to this request. The motion is granted, and Defendant shall give notice of same pursuant to Rule 12.2 as soon as practicable and in no event later than twenty-one (21) days before trial.

### D.  Public Authority

Furthermore, pursuant Federal Rule of Criminal Procedure 12.3, the Government seeks an Order from the Court requiring Defendant, if he intends to rely upon the defense of actual or believed exercise of public authority, to notify the Government of the agency involved and the time during which Defendant claims to have acted with public authority.

Defendant did not object to this request. The motion is granted, and Defendant shall give notice of same pursuant to Federal Rule of Criminal Procedure 12.3 as soon as practicable and in no event later than twenty-one (21) days before trial.

### E. Witness Statements

The Government seeks all statements within Defendant's possession or control of any witness that Defendant intends to call in connection with a suppression hearing, detention hearing, trial, or sentencing.

Defendant did not object to this request. The motion is granted. To the extent Defendant has statements in his possession or control of any witness that he intends to call to testify in connection with a suppression hearing, detention hearing, trial, or sentencing, Defendant shall disclose such statements to the Government no later than three (3) calendar days before such witness is called to testify.

## II.    Defendant's Motion for Disclosure of Rule 404(b) Evidence. [Docket No. 52].

Defendant seeks disclosure of any "bad act" or "similar course of conduct" evidence that the Government intends to offer at trial pursuant to Federal Rule of Evidence 404(b). (See Def.'s Mot. [Docket No. 52]). Defendant further seeks the disclosure of any "specific instances of conduct" of Defendant which the Government intends to offer at trial pursuant to Federal Rule of

Evidence 608(b). Defendant requests that such evidence be disclosed no later than twenty-eight (28) days before trial.

In its written response, the Government acknowledged its obligation to comply with Rules 404(b) and 608(b). The Government suggested that disclosures regarding Rule 404(b) evidence be made no later than fourteen (14) days before trial.[2]

In relevant part, Rule 404(b)(3) provides that the Government must "provide reasonable notice of any" Rule 404(b) "evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it." Fed. R. Evid. 404(b)(3)(A). In that notice, the Government must "articulate . . . the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).

Federal Rule of Evidence 608(b) provides: "Except for a criminal conviction under Rule 609,[3] extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness"; however, "the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of: (1) the witness; or (2) another witness whose character the witness being cross-examined has testified about." Rule 608 does not contain any specific provision requiring pretrial notice of such evidence be given to a defendant.

The law generally provides that the Government is under no obligation to provide pretrial notice of impeachment material pursuant to Rule 608. See United States v. Shorter, No. 4-cr-517-2, 2004 WL 2496486, at *2 (N.D. Ill. Nov. 3, 2004); United States v. White, No. 3-20092, 2005 WL 8173486, at *2 (C.D. Ill. Jan. 10, 2005). In the present case, however, the Government

---

[2] The Government did not suggest a time for disclosures regarding 608(b) evidence.
[3] Federal Rule of Evidence 609 applies to impeachment by evidence of a criminal conviction.

has not objected to the Defendant's request for pretrial disclosure of any "specific instances of conduct" the Government intends to offer at trial pursuant to Federal Rule of Evidence 608(b).

Defendant's Motion for Disclosure of Rule 404(b) Evidence, [Docket No. 52], is granted, as set forth herein. The Court orders the Government to disclose to the Defense as soon as practicable, and in no event later than twenty-one (21) days before trial, formal notice of any specific 404(b) evidence it intends to offer, as well as, the purpose for which it intends to offer it into evidence at trial.[4] The Court further orders the Government to disclose to the Defense as soon as possible, and in any event no later than fourteen (14) days before trial, notice of "specific instances of conduct" of Defendant which the Government intends to offer at trial pursuant to Federal Rule of Evidence 608(b).

### III. Defendant's Motion to Retain Agents' Notes. [Docket No. 53].

Defendant requests an Order from the Court requiring any law enforcement agent, to retain and preserve all rough notes taken as part of their investigations, whether or not the contents of such rough notes are incorporated in official records. (See Def's Mot. [Docket No. 53]).

The Government does not object to Defendant's request for the retention of rough notes.

Defendant's Motion, [Docket No. 53], is granted regarding rough notes as to retention only at this time. If Defendant seeks production or disclosure of rough notes, he will need to bring a separate motion for such production.

---

[4] Federal Rule of Evidence 404(b) does not extend to evidence of acts which are "intrinsic" to the charged offense. United States v. Adediran, 26 F.3d 61, 63 (8th Cir. 1994) (standards applicable to evidence considered under Rule 404(b) do not apply to such "inextricably intertwined" evidence); see United States v. Williams, 900 F.2d 823 (5th Cir. 1990).

IV.    **Defendant's Motion for Discovery Pursuant to Federal Rule of Criminal Procedure 16. [Docket No. 54].**

Defendant seeks disclosure of any written, recorded, or oral statements made by Defendant or copies thereof in the possession, custody, or control of the Government, as well as, a copy of his criminal history. (See Def.'s Mot. for Discovery [Docket No. 54]). Furthermore, Defendant requests permission to inspect and/or copy books, papers, documents, photographs, and tangible objects in the possession, custody, or control of the Government and which are material to the preparation of the defense or are intended for use by the Government as evidence in chief at the trial, or were obtained from or belonged to the Defendant. Defendant also requests permission to inspect and copy the results of any physical or mental examinations or scientific tests or experiments.[5]

In its written response to Defendant's Motions, the Government asserts that it has already disclosed substantial materials pursuant to Rule 16. The Government further asserts that it will continue to comply with its obligations.

Defendant's Motion for Discovery Pursuant to Federal Rule of Criminal Procedure 16, [Docket No. 54], is granted in part and denied in part. Defendant's Motion for Discovery Pursuant to Federal Rule of Criminal Procedure 16, [Docket No. 54], is granted as to any subsequently acquired materials or information which are specifically responsive to Rule 16, which shall be disclosed to the Defense as soon as said responsive materials are discovered by the Government and in any event by no later than fourteen (14) days before trial. As it relates to

_____

[5] Pursuant to Rule 16(a)(1)(G), Defendant also requests written summaries of any expert opinion the Government intends to use in its case-in-chief. This request is, however, moot because the Court previously issued an Order, [Docket No. 49], directing the parties to disclose the identity of any case-in-chief expert witness and make all expert disclosures required by Federal Rule of Criminal Procedure 16 by no later than twenty-eight (28) days before trial. Therefore, to the extent Defendant's Motion, [Docket No. 54], seeks an Order of this Court directing the Government to disclose a written summary of expert testimony it intends to use under Federal Rules of Evidence 702, 703, and 705 as evidence at trial, Defendant's Motion, [Docket No. 54], is denied as moot.  See also, fn 1, supra.

the disclosure of written summaries of expert testimony the Government intends to use under 702, 703, and 705 of the Federal Rules of Evidence, Defendant's Motion for Discovery Pursuant to Federal Rule of Criminal Procedure 16, [Docket No. 54], is denied as moot.

**V.    Conclusion**

Therefore, based on the foregoing and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1.  The Government's Motion for Discovery, [Docket No. 15], is **GRANTED in part** and **DENIED in part**, as set forth herein;

2.  Defendant's Motion for Disclosure of Rule 404(b) Evidence, [Docket No. 52], is **GRANTED**, as set forth herein;

3.  Defendant's Motion to Retain Agents' Notes, [Docket No. 53], is **GRANTED**, as set forth herein; and

4.  Defendant's Motion for Discovery Pursuant to Federal Rule of Criminal Procedure 16, [Docket No. 54], is **GRANTED in part** and **DENIED in part**, as set forth herein.

Dated: October 10, 2023                                    s/Leo I. Brisbois
                                                           Hon. Leo I. Brisbois
                                                           U.S. MAGISTRATE JUDGE