UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-40 (JRT/LIB)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

(1) HARSHKUMAR RAMANLAL PATEL
a/k/a "Dirty Harry,"
a/k/a Harry Patel,
a/k/a Param Singh,
a/k/a Haresh Rameshlal Patel,
a/k/a Harshkumar Singh Patel, and
(2) STEVE ANTHONY SHAND,

        Defendants.

GOVERNMENT'S RESPONSE TO DEFENDANT SHAND'S SECOND MOTIONS IN LIMINE (ECF 151)

The United States of America, through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, Assistant United States Attorney Michael P. McBride and Trial Attorney Ryan Lipes, respectfully submits this omnibus response to Defendant Steve Shand's Second Motions in Limine (ECF 151).

    I.    <u>Response to Motion to Exclude Testimony</u>

Shand moves to exclude expert testimony by Daryl Ritchison concerning the danger of frostbite and hypothermia caused by cold weather. It appears the challenge is to Mr. Ritchison's expertise under Fed. R. Evid. 702. Mr.

1

Ritchison has a 28-year career as a Meteorologist and Climatologist in North Dakota. He is well versed in the National Oceanic and Atmospheric Administration and National Weather Service's standards for severe weather, including the guidelines regarding cold weather exposure and the danger of frostbite and hypothermia. Each winter he is called upon regularly to give warnings on the hazards of cold weather. Meteorology and climatology are not merely concerned with saying it is windy, or warm, or rainy. The purpose of understanding the weather is to advise people of the hazards the weather may pose. Mr. Ritchison has the expertise and foundation to explain the danger extreme cold weather poses to people.

To the extent the Court feels Mr. Ritchison's testimony will be needed to decide this issue, the government respectfully requests that testimony be taken immediately prior to Mr. Ritchison's testimony at trial.

## II.     Response to Motion to Exclude I-213 Forms

Shand moves for an order excluding the I-213 "Record of Deportable/Inadmissible Alien" forms created by U.S. Customs and Border Patrol agents for the aliens he was smuggling, arguing they are testimonial hearsay. At trial the government will seek to admit the first page of the aliens' I-213. Because they are non-testimonial public records, the I-213 forms are admissible.

The Sixth Amendment guarantees the defendant the right "to be confronted with the witnesses against him." U.S. Const. amend VI. In *Crawford v. Washington*, the Supreme Court held that out-of-court statements which are "testimonial" in nature are subject to the Sixth Amendment's confrontation requirement. 541 U.S. 36, 52 (2004). However, "[b]usiness and public records are generally admissible absent confrontation" because "having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial—they are not testimonial." *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009). Under Fed. R. Evid. 803(8), public records are admissible against hearsay. The Eighth Circuit has not addressed the specific admissibility of I-213 records under the public records exception. However, every circuit that has addressed the I-213 form has found its first page to be admissible.

In *United States v. Noria*, the Fifth Circuit rejected Shand's argument. 945 F.3d 847 (5th Cir. 2019). There, an alien reentered the United States multiple times, and the government admitted the first page of his I-213 forms to demonstrate his multiple prior illegal reentries at his trial for illegal reentry. The Fifth Circuit reasoned that although the agents taking his biographical information for the I-213s likely knew he would be prosecuted for illegal reentry, the forms were nevertheless routinely produced by the Department of

3

Homeland Security for all aliens and are not produced solely for use at trial. *Id*. at 857-858.

The Ninth and Eleventh Circuits have specifically rejected the exact argument Shand now forwards. In *United States v. Caraballo*, a human smuggler was caught with aliens in the hatch of his boat. 595 F.3d 1214, 1218-1219 (11th Cir. 2010). At his trial for human smuggling, the government admitted the first page of the aliens' I-213 forms over the defendant's objection on confrontation grounds. *Id*. The Eleventh Circuit held the I-213 was a non-testimonial public record. *Id*. at 1229. The Ninth Circuit found the same in the strikingly similar case of *United States v. Torralba-Mendia,* 784 F.3d 652, 666 (9th Cir. 2015). There, the defendant was prosecuted for human smuggling after he was caught driving aliens in and around Phoenix, Arizona. The government offered I-213 forms at his trial, and the Ninth Circuit found no error. *Id*. "Nothing in the I–213 forms suggest the documents were completed in anticipation of litigation." *Id*.

So, too, here. Just as in *Carballo* and *Torralba-Mendia*, the I-213 forms were completed for aliens the defendant was caught red-handed smuggling into the United States. Just as in those cases, the fact Shand was caught changes nothing about the purpose for which Customs and Border Patrol Agents prepared the alien's I-213s. Agents complete the form as a matter of

4

course irrespective of whether the government decides to prosecute anyone criminally. Consequently, this Court should deny the defendant's motion.

### III. Response to Motion to Exclude Passports and Visas

Shand moves to exclude passports seized from aliens upon their apprehension in this case. He argues they are foreign public documents requiring authentication under Fed. R. Evid. 902(3). He then constructs a strawman to complain of non-existent discovery issues *vis-a-vis* the passports. His argument misses the mark entirely. Indeed, the case he cites, *States v. Pluta*, 176 F.3d 43 (2nd Cir. 1999), rejects his argument in its entirety. In *Pluta*, the Second Circuit determined Polish passports seized from aliens were properly authenticated as real evidence under Fed. R. Evid. 901—not public records—and could be relied upon as official passports if supported by proper testimony. *Id*. at 50-51.

Here, each of the passports and visas of which Shand complains were seized from the person or personal items of the aliens at the time of their apprehension or discovery. They are not foreign public records obtained from India or Canada. Consequently, their admission is governed by Rule 901, not Rule 902. They will be authenticated by the Customs and Border Patrol Agents who seized them. Consequently, Shand's motion should be denied.

## IV. <u>Response to Motion Exclude Statements</u>

The government's Motion in Limine to Admit Co-Conspirator Statements (ECF 126) fairly covers its response to this motion, except as follows. The defendant appears to argue that "without the texts," the government cannot show that Stephanie Brown was a co-conspirator by a preponderance of the evidence. *See* ECF 151 at 5. Of course, the "content of the proffered coconspirator statements may be considered in deciding whether a particular conspiracy has been established," so long as the proffered statements are not the *only* evidence to support their admissibility. *See United States v. Roach*, 164 F.3d 403, 409 (8th Cir. 1998). Here, flight records, car rental records, bank records, and evidence of Shand's activity during this time all corroborate the messages and show—by well beyond a preponderance of the evidence—that Stephanie Brown was acting as part of and in furtherance of the conspiracy.

## **CONCLUSION**

For these reasons, Defendant Shand's motions in limine should be denied.

Dated: November 13, 2024        Respectfully submitted,

ANDREW M. LUGER
United States Attorney

By:   */s/ Michael P. McBride*
Michael P. McBride
Assistant United States Attorney
MN Bar No. 0397292

Ryan Lipes
Trial Attorney
U.S. Department of Justice
N.Y. Bar No. 5404843
(202) 514-4715
Ryan.Lipes@usdoj.gov