UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

                Plaintiff,

v.

HARSHKUMAR RAMANLAL PATEL, *also known as* DIRTY HARRY, *also known as* HARRY PATEL, *also known as* PARAM SINGH, *also known as* HARESH RAMESHLAL PATEL, *also known as* HARSHKUMAR SINGH PATEL; and STEVE ANTHONY SHAND, *also known as* STEVE SHAND,

                Defendants.

Criminal No. 22-40 (JRT/LIB)

**MEMORANDUM OPINION AND ORDER**

---

Michael Patrick McBride, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; Ryan Lipes, **UNITED STATES DEPARTMENT OF JUSTICE**, 1301 New York Avenue Northwest, Washington, DC 20530, for Plaintiff.

Thomas Leinenweber, **LEINENWEBER BARONI & DAFFADA, LLC**, 120 North LaSalle Street, Suite 2000, Chicago, IL 60602; Thomas C. Plunkett, 101 East Fifth Street, Suite 1500, Saint Paul, MN 55101, for Defendant Harshkumar Ramanlal Patel.

Aaron J. Morrison and Lisa M. Lopez, **OFFICE OF THE FEDERAL DEFENDER**, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415, for Defendant Steve Anthony Shand.

According to representations by the United States, at 3:30pm on Thursday, November 21, 2024, the United States Attorney's Office handling this case received

information that one of their witnesses, Customs and Border Patrol Agent Dan Huguley, intentionally withheld information that he had been disciplined in such a way that would undermine his credibility as a witness. All parties agree that this material, which could have been used by the Defendants to impeach the witness, should have been turned over to Defendants prior to trial pursuant to the Supreme Court's decision in *Giglio v. United States*, 405 U.S. 150 (1972).

In response, the Court gave the following stipulated instruction to the jury immediately prior to their deliberations:

> Prior to Border Patrol Agent Dan Huguley's testimony, the Government failed to disclose to the Defendants that Agent Huguley was suspended for 14 days in 2019 for conduct his agency determined called into question his professionalism and influence while on detail in New Mexico, ostensibly to gain access to a female's room without her consent. While his acts were unsuccessful, there was an agency inquiry that found that Agent Huguley committed as charged. When Agent Huguley met with Special Agent Jimenez to prepare his testimony in this case, he did not disclose his 2019 discipline to the Government, notwithstanding specific questioning that should have led to his disclosure of these facts.
>
> You may use this information to bear on the credibility of his testimony as you see fit.

Still, Defendants rightly had doubts about whether more information had been withheld from them during this trial. Accordingly, the Court will order the United States, within one week of this order, to turn over to Defendants all *Giglio* materials they received

relating to Agent Huguley, as well as any other *Brady* or *Giglio* materials for any other witness called during this trial.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that, within one week of the Court's Order, the United States will turn over to Defendants:

1. Any *Giglio* materials related to Customs and Border Patrol Agent Dan Huguley; and

2. Any other *Giglio* or *Brady* material relevant to this case.

DATED:  November 25, 2024            _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                  JOHN R. TUNHEIM
                                                          United States District Judge