**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

_____

UNITED STATES OF AMERICA,                    Criminal No. 22-40 (JRT/LIB)

                                  Plaintiff,

                                             **THE COURT'S FINAL INSTRUCTIONS**
v.                                                    **TO THE JURY**

(1) HARSHKUMAR RAMANLAL PATEL
a/k/a "Dirty Harry,"
a/k/a Harry Patel,
a/k/a Param Singh,
a/k/a Haresh Rameshlal Patel,
a/k/a Harshkumar Singh Patel
(2) STEVE ANTHONY SHAND

                              Defendants.
_____

**TABLE OF CONTENTS**

1.   INTRODUCTION ................................................................................................ 3

2.   GENERAL DUTIES ............................................................................................ 4

3.   PARTIES ........................................................................................................... 5

4.   BIAS AND PREJUDICE ..................................................................................... 6

5.   EVIDENCE AND LIMITATIONS ......................................................................... 7

6.   JUDGING THE EVIDENCE ............................................................................... 9

7.   COURT'S OPINION ......................................................................................... 10

8.   CREDIBILITY OF WITNESSES ....................................................................... 11

9.   NUMBER OF WITNESSES CALLED ............................................................... 12

10.    INCONSISTENT STATEMENTS ................................................................... 13

11.    DEFENDANT'S TESTIMONY ....................................................................... 14

12.    EXPERT WITNESS OPINION TESTIMONY ................................................. 15

13.    PRESUMPTION OF INNOCENCE, BURDEN OF PROOF ........................... 16

14.    INDICTMENT NOT EVIDENCE ................................................................... 18

15.   SUMMARY OF INDICTMENT ...................................................................... 19

16.   INDICTMENT ......................................................................................... 20

17.   APPROXIMATE DATES............................................................................. 25

18.   PROOF OF INTENT OR KNOWLEDGE ........................................................ 26

19.   COUNT 1 – CONSPIRACY TO BRING ALIENS TO THE UNITED STATES CAUSING SERIOUS BODILY INJURY AND PLACING LIVES IN JEOPARDY ............................ 27

20.   COUNT 2 – CONSPIRACY TO TRANSPORT ALIENS CAUSING SERIOUS BODILY INJURY AND PLACING LIVES IN JEOPARDY ........................................................ 29

21.   CONSPIRACY ELEMENTS EXPLAINED ....................................................... 31

22.   COUNT 3 – ATTEMPTED TRANSPORTATION OF ALIENS IN THE UNITED STATES FOR THE PURPOSE OF COMMERCIAL ADVANTAGE OR PRIVATE FINANCIAL GAIN ................. 35

23.   COUNT 4 – AIDING AND ABETTING THE ATTEMPTED TRANSPORTATION OF ALIENS FOR THE PURPOSE OF COMMERCIAL ADVANTAGE OR PRIVATE FINANCIAL GAIN .......... 38

24.   DEFINITIONS ....................................................................................... 41

25.   DUTIES OF THE JURY – AT THE CLOSE OF THE CASE ................................. 42

26.   FINAL INSTRUCTIONS ........................................................................... 44

## 1.  INTRODUCTION

The Court will now give you instructions on the law and on your duties as jurors.

Please continue to follow the instructions given to you earlier by the Court.  You must not single out some instructions and ignore others, because *all* are important, whether given to you in writing or not.

Written copies of the instructions the Court is about to give you will be available to you in the jury room.  Please remember that *all* instructions, whenever given and whether in writing or not, must be followed.

You should replace the instructions that I gave you at the start of trial that are in your notebooks.

## 2.  GENERAL DUTIES

It is your duty as jurors to find from the evidence what the facts are.  You will then apply the law, as given to you in these instructions, to those facts.  You must follow the Court's instructions on the law, even if you thought the law was different or if you think the law should be different.

The lawyers have quite properly referred to some of the applicable rules of law in their closing arguments to you.  However, if any difference appears to you between the law as stated by counsel and the law as stated by the Court in these instructions, you, of course, must follow the instructions given to you by the Court.

Do not allow sympathy or prejudice to influence you.  The law requires a just verdict, unaffected by anything except the evidence, your common sense, and the law as given to you by the Court.

### 3. PARTIES

Defendants Harshkumar Ramanlal Patel and Steve Anthony Shand shall be referred to in these instructions as "the defendants."  The United States shall be referred to as "the government" or "the prosecution."

**4.  BIAS AND PREJUDICE**

You must decide the case solely on the evidence and the law before you, without bias or prejudice as to any party.  All parties expect that you will carefully and impartially consider all of the evidence, follow the law that is being given to you, and reach a just verdict, regardless of the consequences.

It is important that you discharge your duties as jurors without discrimination.  Bias regarding the race, ethnicity, religious beliefs, national origin, sexual orientation, gender, or gender identity of the defendants, witnesses, and lawyers should play no part in how you exercise your judgment during the trial.

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.

You must not be influenced by sympathy, prejudice, public opinion, personal likes or dislikes, or bias, including unconscious or implicit bias.  Unconscious or implicit biases are stereotypes, attitudes, or preferences that you may consciously reject but that may affect your judgment without your conscious awareness, control, or intention.

## 5. EVIDENCE AND LIMITATIONS

The evidence in this case consists of the testimony of witnesses, the documents and other things received as exhibits.

Please remember also what is not evidence:

1.      Statements, arguments, questions, and comments by lawyers representing the parties in the case are not evidence.

2.      Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If the Court sustained an objection to a question, you must ignore the question and not guess what the answer might have been.

3.      Testimony that the Court told you to disregard is not evidence and must not be considered.

4.      Anything you saw or heard about this case outside the courtroom is not evidence.

You are to base your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You are permitted to draw from the facts, which you find have been proven, such reasonable inferences as you feel are justified in the light of your experience and common sense. Inferences are simply deductions or conclusions which reason and common sense lead you to draw from the facts as established by the evidence in the case.

You also should not be concerned with the terms "direct evidence" and "circumstantial evidence."  The law makes no distinction between direct and circumstantial evidence.  You should give all evidence the weight and value you believe it is entitled to receive.

## 6.  JUDGING THE EVIDENCE

There is nothing particularly different in the way in which a juror should consider the evidence in a trial from the way in which any reasonable and careful person would treat any very important question that must be resolved by examining facts, opinions, and evidence.  You are expected to use your good sense in considering and evaluating the evidence in the case.  You are also expected to give such evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendants or a defendant is proven guilty beyond a reasonable doubt, then you should reach that result.  If the defendants or a defendant is not proven guilty beyond a reasonable doubt, then you should reach that result.

You should also remember that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court.  Remember that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence, because the burden of proving guilt beyond a reasonable doubt is always placed on the prosecution.

## 7. COURT'S OPINION

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or counsel.

## 8.  CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, you may believe only part of what a witness said, or you may believe none of what a witness said.

In deciding what testimony to believe, you may consider the witness's intelligence, the opportunity the witness had to see or hear the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.  You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or whether it is an intentional falsehood.  That may depend on whether the contradiction has to do with an important fact or only with a small detail.

## 9.  NUMBER OF WITNESSES CALLED

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party.  You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe.  You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

**10. INCONSISTENT STATEMENTS**

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in Court.  The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial.  It is the responsibility of the jury to determine the credibility, if any, to be given the testimony of a witness who has made prior inconsistent or contradictory statements.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters.  You may reject all of the testimony of that witness, or you may give it such weight or credibility as you may think it deserves.

## 11. DEFENDANT'S TESTIMONY

A defendant in a criminal case has an absolute right under the United States Constitution not to testify.

The fact that a defendant did not testify must not be discussed or considered by the jury in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify.

## 12. EXPERT WITNESS OPINION TESTIMONY

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become experts in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it and give it as much weight as you think it deserves, considering the witness' education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

### 13. PRESUMPTION OF INNOCENCE, BURDEN OF PROOF

The Court instructs you that you as jurors must presume the defendants to be innocent of the crimes charged. Thus, the defendants, although accused of crimes in the Indictment, began the trial with a clean slate—with no evidence against them. The Indictment is not evidence of any kind. The defendants are not on trial for any act or crime not contained in the Indictment. The law permits nothing but the evidence presented before the jury in court to be considered in support of any charge against the defendants. The presumption of innocence alone is sufficient to acquit the defendants.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to the defendants for the law never imposes upon defendants in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendants are not even obligated to produce any evidence by cross-examining the witnesses for the prosecution.

It is not required that the prosecution prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense, and not mere speculation. A reasonable doubt is the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the prosecution proves, beyond a reasonable doubt, that the defendants have committed each and every element of the offenses charged in the Indictment, you

must find the defendants not guilty of the offenses. If the jury unanimously views the evidence in the case as reasonably permitting either of two conclusions—one of not guilty, the other of guilty—the jury must adopt the conclusion of not guilty.

Keep in mind that you must give separate consideration to the evidence about each individual defendant. Each defendant is entitled to be treated separately, and you must return a separate verdict for each defendant. Also keep in mind that you must consider, separately, each crime charged against each individual defendant, and you must return a separate verdict for each of those crimes charged.

## 14. INDICTMENT NOT EVIDENCE

The next two instructions summarize the charges against the defendants and provide you with the Indictment. An indictment is simply an accusation. It is not evidence of anything. This summary of the charges is also not evidence. The defendants, even though charged, began this trial with no evidence against them. The defendants have pleaded not guilty to the charges in the Indictment, and must be presumed innocent, unless and until proven guilty beyond a reasonable doubt. There is no burden upon a defendant to prove that he is innocent. The presumption of innocence alone is sufficient to find the defendants not guilty and can be overcome only if the prosecution proves, beyond a reasonable doubt, each essential element of a crime charged.

### 15. SUMMARY OF INDICTMENT

The Indictment in this case charges the defendants with four different crimes.

Count 1 charges that the defendants committed the crime of Conspiracy to Bring Aliens to the United States Causing Serious Bodily Injury and Placing Lives in Jeopardy.

Count 2 charges that the defendants committed the crime of Conspiracy to Transport Aliens Causing Serious Bodily Injury and Placing Lives in Jeopardy.

Count 3 charges that the defendants committed the crime of Attempted Transportation of Aliens in the United States for the Purpose of Commercial Advantage or Private Financial Gains.

Count 4 charges that the defendants committed the crime of Aiding and Abetting the Attempted Transportation of Aliens for the Purpose of Commercial Advantage or Private Financial Gains.

Each defendant has pleaded not guilty to each of those charges. Keep in mind that you must give separate consideration to the evidence about each individual defendant. Each defendant is entitled to be treated separately, and you must return a separate verdict for each defendant. Also keep in mind that you must consider, separately, each crime charged against each individual defendant, and you must return a separate verdict for each of those crimes charged.

16. INDICTMENT


UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-40 (JRT/LIB)

UNITED STATES OF AMERICA,

                                                   **INDICTMENT**

            Plaintiff,

       v.

                                          8 U.S.C. § 1324(a)(l)(A)(i)

(1) HARSHKUMAR RAMANLAL PATEL     8 U.S. C. § 1324(a)(l)(A)(ii)
a/k/a "Dirty Harry,"                   8 U.S.C. § 1324(a)(l)(A)(v)(I)
a/k/a Harry Patel,                     8 U.S.C. § 1324(a)(l)(B)(i)
a/k/a Param Singh,                   8 U.S.C. § 1324(a)(l)(B)(iii)
a/k/a Haresh Rameshlal Patel,      8 U.S.C. § 1324(a)(l)(A)(v)(II)
a/k/a Harshkumar Singh Patel, and
(2) STEVE ANTHONY SHAND,

                       Defendants.

      THE UNITED STATES GRAND JURY CHARGES THAT:


**<ins>COUNT ONE</ins>**

Conspiracy to Bring Aliens to the United States Causing Serious Bodily Injury and Placing Lives in Jeopardy


      From on or about December 7, 2021 through January 19, 2022, in the District of

Minnesota and elsewhere, the defendants,

**HARSHKUMAR RAMANLAL PATEL
a/k/a "Dirty Harry,"
a/k/a Harry Patel,
a/k/a Param Singh,
a/k/a Haresh Rameshlal Patel,
a/k/a Harshkumar Singh Patel, and
STEVE ANTHONY SHAND,**

did knowingly and intentionally combine, conspire, confederate and agree with each other and others known and unknown to the Grand Jury to commit the following offense against the United States: to bring aliens to the United States at a place other than a designated port of entry and a place other than as designated by the Commissioner, knowing that such persons are aliens, regardless of whether such aliens had received prior official authorization to come to, enter, and reside in the United States and regardless of any future official action which may be taken in respect to such aliens, causing serious bodily injury to and placing in jeopardy the life of an alien during and in relation to the offense, all in violation of Title 8, United States Code, Sections 1324(a)(l)(A)(i), 1324(a)(l)(A)(v)(I), and 1324(a)(l)(B)(iii).

### COUNT TWO

Conspiracy to Transport Aliens Causing Serious Bodily Injury and Placing Lives in Jeopardy

From on or about December 7, 2021 through January 19, 2022, in the District of Minnesota and elsewhere, the defendants,

**HARSHKUMAR RAMANLAL PATEL**
**a/k/a "Dirty Harry,"**
**a/k/a Harry Patel,**
**a/k/a Param Singh,**
**a/k/a Haresh Rameshlal Patel,**
**a/k/a Harshkumar Singh Patel, and**
**STEVE ANTHONY SHAND,**

did knowingly and intentionally combine, conspire, confederate and agree with each other and others known and unknown to the Grand Jury, to commit the following offense against the United States: to transport and move within the United States by means of

transportation and otherwise, aliens who entered and remained in the United States in violation of law, knowing and in reckless disregard of the fact that said aliens came to, entered, and remained in the United States in violation of law , in furtherance of such violation of law, causing serious bodily injury to and placing in jeopardy the life of an alien during and in relation to the offense, all in violation of Title 8, United States Code, Sections 1324(a)(l)(A)(ii), 1324(a)(l)(A)(v)(I), and 1324(a)(l)(B)(iii).

### COUNT THREE
Attempted Transportation of Aliens for the Purpose of Commercial Advantage and Private Financial Gain

On or about January 19, 2022, in the District of Minnesota and elsewhere, the defendants,

**HARSHKUMAR RAMANLAL PATEL**
**a/k/a "Dirty Harry,"**
**a/k/a Harry Patel,**
**a/k/a Param Singh,**
**a/k/a Haresh Rameshlal Patel,**
**a/k/a Harshkumar Singh Patel, and**
**STEVE ANTHONY SHAND,**

knowing and in reckless disregard of the fact that an alien had come to, entered, and remained in the United States in violation of law , attempted to transport and move such alien within the United States by means of transportation and otherwise, in furtherance of such violation of law, for purpose of commercial advantage and private financial gain, in violation of Title 8, United States Code , Sections 1324(a)(l)(A)(ii) and 1324(a)(l)(B)(i).

## COUNT FOUR

Aiding and Abetting the Attempted Transportation of Aliens for the Purpose of
Commercial Advantage and Private Financial Gain

On or about January 19, 2022, in the District of Minnesota and elsewhere, the

defendants,

**HARSHKUMAR RAMANLAL PATEL
a/k/a "Dirty Harry,"
a/k/a Harry Patel,
a/k/a Param Singh,
a/k/a Haresh Rameshlal Patel,
a/k/a Harshkumar Singh Patel, and
STEVE ANTHONY SHAND,**

aided and abetted by each other and others known and unknown to the Grand Jury,

knowing and in reckless disregard of the fact that an alien had come to, entered, and

remained in the United States in violation of law, attempted to transport and move such

alien within the United States by means of transportation and otherwise, in furtherance

of such violation of law, for purpose of commercial advantage and private financial gain ,

in violation of Title 8, United States Code, Sections 1324(a)(l)(A)(ii), 1324(a)(l)(A)(v)(II),

and 1324(a)(l)(B)(i).

### 17. APPROXIMATE DATES

The Indictment charges that the offenses alleged in the Indictment were committed "on or about" a certain date.

Although it is necessary for the prosecution to prove beyond a reasonable doubt that an offense was committed on a date reasonably near the date alleged, it is not necessary for the prosecution to prove that an offense was committed precisely on the date charged.

**18. PROOF OF INTENT OR KNOWLEDGE**

Intent or knowledge may be proven like anything else. You may consider any statements made and acts done by a defendant, and all the facts and circumstances in evidence that may aid in a determination of a defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

A person acts willfully if he acts knowing, purposely, and with the intent to do something the law forbids. That is, a person acts willfully when they act with the purpose to disobey or to disregard the law. A person need not be aware of the specific law that his conduct may be violating, but he must act with the intent to do something that he knows the law forbids.

### 19. COUNT 1 – CONSPIRACY TO BRING ALIENS TO THE UNITED STATES CAUSING SERIOUS BODILY INJURY AND PLACING LIVES IN JEOPARDY

It is a crime for two or more people to agree to commit a crime.  The crime of Conspiracy to Bring Aliens to the United States Causing Serious Bodily Injury and Placing Lives in Jeopardy, as charged in Count 1 of the Indictment, has four elements, which are:

*One*, from on or about December 7, 2021, through January 19, 2022, two or more people reached an agreement to Bring Aliens to the United States at a place other than a designated port of entry;

*Two*, the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect;

*Three*, at the time the defendant joined in this agreement, the defendant knew the purpose of the agreement; and

*Four*, that the defendant's actions during and in relation to this offense caused serious bodily injury to, or placed in jeopardy the life of, any person.

Instruction Number 22 further explains the first three elements of this Count.

If all four elements have been proven beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged under Count 1; otherwise, you must find the defendant not guilty of this crime under Count 1.

Serious bodily injury means bodily injury which involves the substantial risk of death, extreme physical pain, protracted or obvious disfigurement, or the protracted loss

or impairment of the function of a bodily member, organ, or mental faculty.   You must find that the serious bodily injury or death was a natural and foreseeable consequence of the acts committed by the defendant.  It is not necessary for the government to prove that the defendant intended for the person to suffer this injury as a result of his actions.

## 20. COUNT 2 – CONSPIRACY TO TRANSPORT ALIENS CAUSING SERIOUS BODILY INJURY AND PLACING LIVES IN JEOPARDY

The crime of Conspiracy to Transport Aliens Causing Serious Bodily Injury and Placing Lives in Jeopardy as charged in Count 2 of the Indictment has four elements, which are:

*One*, from on or about December 7, 2021, through January 19, 2022, two or more persons reached an agreement to commit the crime of Transportation of Aliens in the United States;

*Two*, the defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time while it was still in effect;

*Three*, at the time the defendant joined in this agreement, he knew the purpose of the agreement; and

*Four*, that the defendant's actions during and in relation to this offense caused serious bodily injury to, or placed in jeopardy the life of, any person.

Instruction Number 22 further explains the first three elements of this Count.

If all four elements have been proven beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged under Count 2; otherwise, you must find the defendant not guilty of this crime under Count 2.

Again, serious bodily injury means bodily injury which involves the substantial risk of death, extreme physical pain, protracted or obvious disfigurement, or the protracted loss or impairment of the function of a bodily member, organ, or mental faculty. You

must find that the serious bodily injury or death was a natural and foreseeable consequence of the acts committed by the defendant.  It is not necessary for the government to prove that the defendant intended for the person to suffer this injury as a result of his actions.

## 21. CONSPIRACY ELEMENTS EXPLAINED

**Element One:**

Element One of Counts 1 and 2 requires that two or more people reached an agreement to commit the crime.

The indictment charges two conspiracies: Count 1 charges a conspiracy to commit the crime of Bringing Aliens to the United States, and Count 2 charges a conspiracy to commit the crime of Transporting Aliens. For you to find that the government has proved a conspiracy, you must unanimously find that there was an agreement to act for the unlawful purposes.

The agreement between two or more people to commit a crime does not need to be a formal agreement or be in writing. A verbal or oral understanding can be sufficient to establish an agreement.

It does not matter whether the crime was actually committed or whether the alleged participants in agreement actually succeeded in accomplishing their unlawful plan.

The agreement may last a long time or a short time. The members of an agreement do not all have to join it at the same time. You may find that someone joined the agreement even if you find that person did not know all of the details of the agreement.

A person may be a member of the agreement even if the person does not know all of the other members of the agreement or the person agreed to play only a minor part in the agreement.

-31-

**Element Two:**

Element Two requires that the defendant voluntarily and intentionally joined the agreement.

If you have determined that two or more people reached an agreement to commit the crime, you must next decide whether the defendant voluntarily and intentionally joined that agreement, either at the time it was first formed or at some later time while it was still in effect.

Earlier, in deciding whether two or more people reached an agreement to commit the crime, you could consider the acts and statements of each person alleged to be part of the agreement. Now, in deciding whether a defendant joined the agreement, you may consider only the acts and statements of that defendant.

A person joins an agreement to commit a crime by voluntarily and intentionally participating in the unlawful plan with the intent to further that crime. It is not necessary for you to find that the defendant knew all the details of the unlawful plan.

It is not necessary for you to find that the defendant reached an agreement with every person you determine was a participant in the agreement.

Evidence that a person was present at the scene of an event or acted in the same way as others or associated with others, does not, alone, prove that the person joined a conspiracy. A person who has no knowledge of a conspiracy, but who happens to act in a way that advances the purpose of the conspiracy, does not thereby become a member. A person's mere knowledge of the existence of a conspiracy, or mere knowledge that an

objective of a conspiracy was being considered or attempted, or mere approval of the purpose of a conspiracy, is not enough to prove that the person joined in a conspiracy.

The agreement may last a long time or a short time. The members of an agreement do not all have to join it at the same time. You may find that the defendant joined the agreement even if you find that the defendant did not know all of the details of the agreement.

A person may be a member of the agreement even if the person does not know all of the other members of the agreement or the person agreed to play only a minor part in the agreement.

To help you decide whether the defendant agreed to commit the crime, you should consider the elements of that crime.

The elements of the crime of Bringing Aliens to the United States are as follows:

*One*, the defendant brought or attempted to bring an alien into the United States;

*Two*, the person was an alien;

*Three*, the defendant knew the person was an alien;

*Four*, the entry or attempted entry into the United States was made or attempted at a place other than a designated port of entry; and

*Five*, that the defendant acted willfully.

The elements of the crime of Transporting Aliens are as follows:

*One*, the defendant transported or moved an alien within the United States;

-33-

*Two*, the alien was in the United States in violation of the law;

*Three*, this was known to or recklessly disregarded by defendant; and

*Four*, the defendant acted willfully in furtherance of the alien's violation of the law.

You may consider these elements in determining whether the defendant agreed to commit the relevant crime, keeping in mind that this count of the indictment only charges a conspiracy to commit the crime.

**Element Three:**

Element Three requires that the defendant knew the purpose of the agreement at the time the defendant joined the agreement.

A person knows the purpose of the agreement if he is aware of the agreement and does not participate in it through ignorance, mistake, carelessness, negligence, or accident. It is seldom, if ever, possible to determine directly what was in the defendant's mind. Thus, the defendant's knowledge of the agreement and its purpose can be proved like anything else, from reasonable conclusions drawn from the evidence.

It is not enough that the defendant and other alleged participants in the agreement to commit the crime simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. The defendant must have known of the existence and purpose of the agreement. Without such knowledge, the defendant cannot be guilty of conspiracy, even if his acts furthered the conspiracy.

## 22. COUNT 3 – ATTEMPTED TRANSPORTATION OF ALIENS IN THE UNITED STATES FOR THE PURPOSE OF COMMERCIAL ADVANTAGE OR PRIVATE FINANCIAL GAIN

The crime of Attempted Transportation of Aliens in the United States for the Purpose of Commercial Advantage or Private Financial Gain as charged in Count 3 of the Indictment, has five elements, which are:

*One*, the defendant attempted to transport or move an alien within the United States;

*Two*, the alien was in the United States in violation of the law;

*Three*, this was known to or recklessly disregarded by defendant; and

*Four*, the defendant acted willfully in furtherance of the alien's violation of the law.

*Five*, the defendant attempted to commit the offense for the purpose of commercial advantage or private financial gain.

The defendant may be found to have committed the offense of Attempted Transportation of Aliens in the United States for the Purpose of Commercial Advantage or Private Financial Gain if he intended to commit the offense and voluntarily and intentionally carried out some act which was a substantial step toward that crime, even if the transportation was never completed.

A substantial step must be something more than mere preparation, yet may be less than the last act necessary before the actual commission of the substantive crime. In order for behavior to be punishable as an attempt, it need not be incompatible with

innocence, yet it must be necessary to the consummation of the crime and be of such a nature that a reasonable observer, viewing it in context could conclude beyond a reasonable doubt that it was undertaken in accordance with a design to violate the statute.

You are further instructed regarding the crime charged in Count 3 that the following definitions apply:

A person acts with **"reckless disregard"** when he is aware of, but consciously disregards, facts and circumstances indicating that the person attempted to be transported was an alien who had entered or remained in the United States in violation of the law.

The term **"commercial advantage"** means that the defendant participated in an alien smuggling venture and that members of that venture received or negotiated payment in return for the transportation or movement of the aliens. The government need not prove that the defendant was going to directly benefit financially from his part in the venture.

The term **"private financial gain"** means any monetary benefit obtained by the defendant for his conduct, whether conferred directly or indirectly. It includes a promise to pay money in the future.

In order for attempted transportation to be in furtherance of the alien's unlawful presence, there must be a direct and substantial relationship between the defendant's

act of attempted transportation and its furtherance of the alien's presence in the United States. In other words, the act of attempted transportation must be more than merely incidental to a furtherance of the alien's violation of the law.

If all of the elements have been proven beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged under Count 3; otherwise, you must find the defendant not guilty of this crime under Count 3.

### 23. COUNT 4 – AIDING AND ABETTING THE ATTEMPTED TRANSPORTATION OF ALIENS FOR THE PURPOSE OF COMMERCIAL ADVANTAGE OR PRIVATE FINANCIAL GAIN

Count 4 charges the defendants with Aiding and Abetting the Attempted Transportation of Aliens for the Purpose of Commercial Advantage or Private Financial Gain.

A person may be found guilty of Aiding and Abetting the Attempted Transportation of Aliens for the Purpose of Commercial Advantage or Private Financial Gain even if he personally did not do every act constituting the offense charged, if he aided and abetted the commission of the offense.

In order to have aided and abetted the commission of this crime:

*One*, the defendant must have known that the crime of Attempted Transportation of Aliens in the United States for the Purpose of Commercial Advantage or Private Financial Gain was being committed or going to be committed;

*Two*, the defendant must have had enough advance knowledge of the extent and character of the Attempted Transportation of Aliens in the United States for the Purpose of Commercial Advantage or Private Financial Gain that he was able to make the relevant choice to walk away from the offense before all elements of Attempted Transportation of Aliens in the United States for the Purpose of Commercial Advantage or Private Financial Gain were complete; and

*Three*, the defendant knowingly acted in some way for the purpose of causing, encouraging, or aiding the commission of the Attempted Transportation of Aliens in the United States for the Purpose of Commercial Advantage or Private Financial Gain;

*Four*, the defendant must have known at least one person attempted to be transported was an alien, and

*Five*, the defendant must have known or recklessly disregarded the fact that said alien entered or remained in the United States in violation of law.

For you to find the defendant guilty of Attempted Transportation of Aliens in the United States for the Purpose of Commercial Advantage or Private Financial Gain by reason of aiding and abetting, the government must prove beyond a reasonable doubt that all of the elements of Attempted Transportation of Aliens within the United States were committed by some person or persons and that the defendant aided and abetted the commission of that crime.

You should understand that merely being present at the scene of an event, or merely acting in the same way as others or merely associating with others, does not prove that a person has become an aider and abettor. A person who has no knowledge that a crime is being committed or about to be committed, but who happens to act in a way which advances some offense, does not thereby become an aider and abettor.

The word "knowingly", as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of ignorance, mistake or accident. You may not find that the defendants acted knowingly,

however, if you find that they actually believed that the aliens were legally present in the United States or if you find the defendants were simply careless. A showing of negligence, mistake, or carelessness is not sufficient to support a finding of knowledge.

If all of the elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged under Count 4; otherwise, you must find the defendant not guilty of this crime under Count 4.

## 24. DEFINITIONS

An **"alien"** is a person who is not a natural-born or naturalized citizen of the United States.

An alien is **"not lawfully"** in the United States if they were not duly admitted by an immigration officer.

## 25. DUTIES OF THE JURY – AT THE CLOSE OF THE CASE

Throughout your deliberations, you can and should discuss with each other the evidence and the law that was presented in this case, but you must still not communicate with anyone else by any means about the case. You also cannot learn anything from outside sources about the case, the matters in the case, the legal issues in the case, or individuals or other entities involved in the case. This means you may still not use any electronic device or media (such as a phone, computer, or tablet), the internet, any text or instant messaging service, or any social media apps (such as X, Facebook, Instagram, LinkedIn, YouTube, WhatsApp, Snapchat, TikTok, and NextDoor) to research or communicate about what you've seen and heard in this courtroom.

These restrictions continue during deliberations because it is essential, under our Constitution, that you decide this case based solely on the evidence and law presented in this courtroom. Information you find electronically might be incomplete, misleading, or inaccurate. And, as the Court noted in its instructions at the start of the trial, even using your smartphones, tablets, and computers—and the news and social media apps on those devices—may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you have heard about in this courtroom.

You are permitted to discuss the case with only your fellow jurors during deliberations because they have seen and heard the same evidence and instructions on the law that you have, and it is important that you decide this case solely on the evidence

presented during the trial, without undue influence by anything or anyone outside of the courtroom.  For this reason, the Court expects you to inform it at the earliest opportunity, should you learn about or share any information about this case outside of this courtroom or the jury room, or learn that another juror has done so.

**26. FINAL INSTRUCTIONS**

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your deliberations.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without infringing on individual judgment, because a verdict—whether guilty or not guilty—must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not change your opinion simply because other jurors think it is right, or simply in order to reach a verdict.

*Third*, if either or both defendants are found guilty, the sentence to be imposed is the Court's responsibility. You may not consider possible punishment in any way in deciding whether the prosecution has proven its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with the Court during your deliberations, you may send a note to me through the marshal, signed by one or more jurors. I will respond as soon as possible in writing. Remember that you should not tell anyone during your deliberations—including me—how the jury stands, numerically or otherwise, on the

question of whether the prosecution has sustained its burden of proof until after you have reached a unanimous verdict.

*Fifth*, your verdict must be based solely on the evidence and on the law which the Court has given to you in these instructions.  Nothing the Court has said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case.  You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal that you are ready to return to the courtroom.